UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X
PALE HORSE REALTY, LLC,
       Plaintiff,
v.                                                  CIVIL ACTION NO.

CHRISTINE A. BEZIO and
DOUGLAS G. BEZIO,
       Defendants.

U.S. BANK NATIONAL ASSOCIATION, NOT
IN ITS INDIVIDUAL CAPACITY, BUT
SOLELY AS TRUSTEE FOR THE RMAC
TRUST, SERIES 2016-CTT; VALERIANO
DIVIACCHI; HUTTLECORP. INC., d/b/a
RE/MAX CLASSIC; J.M. O'REILLY &
ASSOCIATES, INC.; CYTHIA SMITH; U.S.
DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE; and THE
COMMONWEALTH OF MASSACHUSETTS,
DEPARTMENT OF REVENUE,
       Parties-in-Interest.
_____X

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, Pale Horse Realty, LLC ("PHR"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby files this Verified Complaint seeking a judicial foreclosure with respect to the property located at 135 Marven Way, Wellfleet, MA (the "Property"). PHR advances its Complaint by alleging the following:

## PARTIES

1. PHR is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 2472 Broadway, Ste. 367, New York, NY 10025.

2. The members of PHR are Jesse Mermelstein and Daniel Lauchheimer, both of whom reside

Pale Horse Realty, LLC v. Douglas Bezio, et al.
135 Marven Way, Wellfleet, MA
DG&L File No. 56924                                  1

in the State of New York.

3. The Defendant, Christine A. Bezio is an individual who, upon information and belief, currently resides at the Property.

4. The Defendant, Douglas G. Bezio is an individual who, upon information and belief, currently resides at the Property.

5. The Party-in-Interest, U.S. Bank National Association ("U.S. Bank") is a national banking association organized and existing under the laws of the United States of America with its principal place of business located at 60 Livingston Street, St. Paul, MN 55107. U.S. Bank is the Trustee for the RMAC Trust, Series 2016-CTT, and is the assignee of record of a senior Mortgage on title to the Property dated July 9, 2007, and recorded with the Barnstable County Registry of Deeds in Book 22174, Page 54 ("Senior Mortgage"), by virtue of an Assignment of Mortgage recorded in Book 31061, Page 219.

6. The Party-in-Interest, Valeriano Diviacchi, is an individual who, upon information and belief, resides at 24 Holton Street, Boston, MA 02134. Valeriano Diviacchi is the holder of an Attachment on title to the Property recorded with the Barnstable County Registry of Deeds in Book 28487, Page 219.

7. The Party-in-Interest, Huttlecorp. Inc., d/b/a RE/MAX Classic ("Huttlecorp.") is a domestic corporation with its principal place of business located at 391 Huttleston Avenue, Fairhaven, MA 02719. Huttlecorp. Is the holder of an Execution on title to the Property recorded with the Barnstable County Registry of Deeds in Book 28549, Page 232.

8. The Party-in-Interest, J.M. O'Reilly & Associates, Inc. ("J.M. O'Reilly"), is a domestic corporation with a principal place of business located at 1573 Main Street, Brewster, MA 02631. J.M. O'Reilly is the holder of an Execution on title to the Property recorded with

the Barnstable County Registry of Deeds in Book 34605, Page 232.

9. The Party-in-Interest, Cynthia Smith, is an individual who, upon information and belief, resides at 1262 Euclade Court, Atlanta, GA 30329. Cynthia Smith is the holder of an Execution on title to the Property recorded with the Barnstable County Registry of Deeds in Book 35312, Page 26.

10. The U.S. Department of the Treasury-Internal Revenue Service ("IRS") is a division of the United States government having a principal place of business at 1111 Constitution Avenue, NMW, Washington, DC 20224. The IRS recorded a Notice of Federal Tax Lien on title to the Property with the Barnstable County Registry of Deeds in Book 28613, Page 91.

11. The Commonwealth of Massachusetts. Department of Revenue ("DOR") is a division of the Massachusetts State Government with its offices located at 100 Cambridge Street, Boston, MA 02114. The DOR recorded a Notice of Massachusetts Tax Lien on title to the Property with the Barnstable County Registry of Deeds in Book 35227, Page 298.

## JURISDICTION

12. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 dollars.

13. In determining the amount in controversy with respect to actions seeking declaratory relief regarding a mortgagee's right to foreclose, the First Circuit Court of Appeals has expressed a preference for the "face-value-of-the-loan rule."[1]

14. Further, the amount in controversy in an action seeking declaratory relief, such as the

---

[1] *See McKenna v. U.S. Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012).

instant action, may be appropriately determined by the value of the object of the litigation.[2]

15. Here, the face value of the Mortgage at issue is $300,000.00.[3]

16. Further, the total debt owed under the terms of the subject mortgage loan is $457,323.15, excluding attorney's fees and costs associated with the instant action.

17. Additionally, the object of the instant litigation is the Property, which has an assessed value of $1,473,600.00.[4]

18. Thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

## VENUE

19. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Massachusetts and the Property is located in Massachusetts.

## FACTUAL ALLEGATIONS

20. On July 9, 2007, Douglas G. Bezio executed and delivered an Equity Reserve Line of Credit in favor of National City Bank ("NCB") in the amount of $300,000.00 ("Bezio Note").[5]

21. The Bezio Note is endorsed to PHR.[6]

22. PHR is the holder and owner of the Bezio Note.[7]

---

[2] *See Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977); *CE Design Ltd. v. Am. Economy Ins. Co.*, 755 F.3d 39, 48 (1st Cir. 2014)(holding that the amount in controversy is properly determined by the value of the property is apparent or easily ascertainable); *Bobola v. U.S. Bank, N.A.*, No. 14-14735-MLW, 2016 WL 4844039, at *3 (D. Mass. Sept. 13, 2016)(recognizing that in an action seeking declaratory relief regarding a mortgagee's rights in the mortgaged premises, the amount in controversy is properly calculated by looking to the value of the mortgaged premises)(citing *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *see also Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004)(recognizing that it is proper for Courts to consider the value of the object of litigation when determining the amount in controversy).
[3] *See* Exhibits A & B (true and correct copies of the Note and Mortgage are attached hereto and incorporated herein).
[4] *See* Exhibit C (a true and correct copy of the Assessor's Property Report is attached hereto and incorporated herein.
[5] *See* Exhibit A.
[6] *See* Exhibit A p. 8.
[7] *See* Exhibit A p. 8.

23. To secure the debt evidenced by the Bezio Note, Douglas G. Bezio and Christine A. Bezio (hereinafter collectively referred to as the "Mortgagors" or "Defendants") gave an Open End Mortgage on the Property to NCB in the amount of $300,000.00, which is dated July 9, 2007, and recorded with the Barnstable County Registry of Deeds in Book 22174, Page 66 ("Bezio Mortgage").[8]

24. The Defendants' defaulted under the terms of the Bezio Mortgage Loan as a result of their failure to make the July 28, 2012, payment and all subsequent payments due thereunder.[9]

25. The Bezio Mortgage was assigned to US Mortgage Resolution LLC by virtue of an Assignment of Mortgage dated October 30, 2018, and recorded with the Barnstable County Registry of Deeds in Book 31663, Page 264 ("US Mortgage Assignment).[10]

26. The Bezio Mortgage was further assigned to CAN Financial LLC ("CAN") by virtue of an Assignment of Mortgage dated November 16, 2020, and recorded with the Barnstable County Registry of Deeds in Book 35161, Page 314 ("CAN Assignment").[11]

27. The Bezio Mortgage was further assigned to PHR by virtue of an Assignment of Mortgage dated May 6, 2022, and recorded with the Barnstable County Registry of Deeds in Book 35161, Page 316 ("PHR Assignment").[12]

28. As a result of the Defendants' default, on June 21, 2022, PHR sent the Defendants a 90-Day Notice of Right to Cure Your Mortgage Default ("Notice of Right to Cure") as well as a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A and 35B, as well as the applicable terms of the Bezio Mortgage Contract.[13]

---

[8] *See* Exhibit B.
[9] *See* Exhibit D (true and correct copies of the 90-Day Notice of Right to Cure and Notice of Right to Request a Modified Mortgage Loan are attached hereto and incorporated herein).
[10] *See* Exhibit E (a true and correct copy of the US Mortgage Assignment is attached hereto and incorporated herein).
[11] *See* Exhibit F (a true and correct copy of the CAN Assignment is attached hereto and incorporated herein).
[12] *See* Exhibit G (a true and correct copy of the PHR Assignment is attached hereto and incorporated herein).
[13] *See* Exhibit D.

29. The Defendants failed to cure their default on or before the September 26, 2022, deadline set forth in the Notice of Right to Cure.[14]

30. On September 21, 2022, a search of the Department of Manpower Data Center online records indicates that the Defendants are not currently on active duty with the United States Military.[15]

## COUNT I
## BREACH OF CONTRACT

31. The Plaintiff repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. The Bezio Mortgage Loan Contract represents a binding, enforceable agreement between the Parties.[16]

33. The Defendants' defaulted under the terms of the Defendants' Mortgage Loan Contract as a result of their failure to make the July 28, 2012, payment and all subsequent payments due thereunder.[17]

34. As a result of their default, the Defendants are in breach of the terms of the Bezio Mortgage Loan Contract.[18]

35. Injustice can only be avoided by awarding damages and interest, plus costs and expenses including attorney's fees.

## COUNT II
## SERVICEMEMBERS CIVIL RELIEF ACT

36. The Plaintiff repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

---

[14] *See* Exhibit D.
[15] *See* Exhibit H (a true and correct copy of the Search Results from the Department of Defense Manpower Data Center is attached hereto and incorporated herein).
[16] *See* Exhibits A & B.
[17] *See* Exhibit D.
[18] *See* Exhibits A & B.

37. A search of the Department of Defense Manpower Data Center online records, conducted on September 21, 2022, indicates that the Defendants are not currently on active duty with the United States Military.[19]

38. Accordingly, the Defendants are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

39. The Plaintiff seeks a judicial determination that the Defendants are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

## COUNT III
## CONDITIONAL JUDGMENT

40. The Plaintiff repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. The Defendants are in default under the terms of the Bezio Mortgage Loan Contract as a result of their failure to make the July 28, 2012, payment and all subsequent payments due thereunder.[20]

42. The Defendants' default constitutes a material breach of the Bezio Mortgage Loan Contract.[21]

43. PHR is the assignee and mortgagee of record of the Bezio Mortgage.[22]

44. PHR is the holder/owner of the Bezio Note.[23]

45. As a result of their Default, on June 21, 2022, PHR sent the Defendants a Notice of Right to Cure and a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A and 35B, as well as the applicable terms of the Bezio Mortgage Contract.[24]

---

[19] *See* Exhibit H.
[20] *See* Exhibit D.
[21] *See* Exhibits A & B.
[22] *See* Exhibit G.
[23] *See* Exhibit A p. 8.
[24] *See* Exhibit D.

46. The Defendants failed to cure the default, and the Bezio Mortgage Loan remains due for the July 28, 2012, payment and all subsequent payments due thereunder.

47. As a result of the Defendants' default, the Plaintiff is entitled to foreclose the Bezio Mortgage Loan by sale of the Property.[25]

48. Pursuant to G.L. c. 244, §§ 3 & 11, this Court should enter a Conditional Judgment authorizing the Plaintiff to sell the Property pursuant to the statutory power of sale incorporated into the Mortgage Contract.

## COUNT IV
## FORECLOSURE BY EXERCISE OF THE STATUTORY POWER OF SALE

49. The Plaintiff repeats and re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. The Plaintiff alleges on information and belief that the Defendants are the only persons holding an equity of redemption in the Property covered by the Bezio Mortgage so far as appears in the Barnstable County Registry of Deeds and as known to the Plaintiff.

51. The Bezio Mortgage incorporates the statutory power of sale, found at G.L. c. 183, § 21, by reference.[26]

52. The Defendants are in default under the terms of the Bezio Second Mortgage Loan Contract as a result of their failure to satisfy their payment obligations thereunder.[27]

53. Pursuant to G.L. c. 183, § 21, as incorporated within the terms of the Bezio Mortgage, upon the entry of a Conditional Judgment in its favor, the Plaintiff seeks to proceed with a foreclosure sale of the Property due to Defendants' default.

54. Pursuant to G.L. c. 244, § 11, upon entering a conditional judgment in favor of the Plaintiff, the Court should order the Property sold pursuant to the statutory power of sale found at

---

[25] *See* Exhibit B p. 3 ¶ 8.
[26] *See* Exhibit B p. 3 ¶ 8.
[27] *See* Exhibit D.

   G.L. c. 183, § 21 as incorporated into the Bezio Mortgage.

## COUNT V
## DEFICIENCY JUDGMENT

55. The Plaintiff repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. The Plaintiff has established each of the essential elements with respect to the Defendants' breach of the Bezio Mortgage Loan Contract,

57. As of September 21, 2022, the total debt owed under the terms of the Defendants' Mortgage Loan Contract is $457,323.15 excluding attorney's fees and costs associated with the instant action, which continue to accrue daily.

58. Upon completion of the foreclosure sale, PHR will be entitled to a Deficiency Judgment for the total debt owed under the terms of the Bezio Mortgage Loan Contract, less the price paid for the Property at PHR's anticipated foreclosure sale.

## COUNT VI
## POSSESSION

59. The Plaintiff repeats and re-alleges paragraphs 1 through 58 as if fully set forth here.

60. The Mortgagors' right, title and interest in the Property will be terminated upon the foreclosure of the Bezio Mortgage Loan and execution of the Memorandum of Sale Contract at the Plaintiff's anticipated foreclosure sale.

61. Accordingly, the Defendants' right to possession of the Property will be terminated upon the Plaintiff's lawful foreclosure of the Bezio Mortgage Loan.

62. The Plaintiff, its successors or assigns, will be entitled to a Judgment for Possession of the Property upon the completion of its foreclosure sale and subsequent report of the results of the same.

   WHEREFORE, the Plaintiff requests that this Court:

Pale Horse Realty, LLC v. Douglas Bezio, et al.
135 Marven Way, Wellfleet, MA
DG&L File No. 56924           9

1. Enter a Judgment in favor of the Plaintiff finding that the Defendants are in breach of the Bezio Mortgage Loan Contract;

2. Enter a Judgment in favor of the Plaintiff finding that the Defendants are not entitled to the benefit of the Servicemembers Civil Relief Act;

3. Enter a Conditional Judgment in favor of the Plaintiff pursuant to G.L. c. 244, §§ 3 & 11;

4. Order the Defendants' interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21 as incorporated within the terms of the Bezio Mortgage Contract;

5. Enter a Deficiency Judgment in favor of the Plaintiff for the total debt owed under the terms of the Bezio Mortgage Loan Contract less the price paid for the Property at the Plaintiff's foreclosure sale;

6. Find that the Plaintiff, its successors and assigns, will be entitled to possession of the Property upon completion of its foreclosure sale of the Mortgagors' interest therein;

7. For such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

Pale Horse LLC
By its attorneys,

Dated: September 28, 2022

/s/Reneau J. Longoria
Brian C. Linehan, Esq. (BBO #690437)
Reneau J. Longoria, Esq. (BBO #635118)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Ste. 303C
Beverly, MA  01915
Tel. (978) 921-2670
rjl@dgandl.com

## VERIFICATION

STATE OF NEW YORK   )
COUNTY OF NEW YORK  )

I, JESSE D. MERMELSTEIN, being duly sworn, state:

I am a representative of Pale Horse Realty, LLC, the above named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: _____
its: Member

---

State of New York   )
County of New York  )

On this ___4th___ day of ___October___ 2022, before me, the undersigned notary public, personally appeared **Jesse D. Mermelstein**, who proved to me through satisfactory evidence of identification which was a New York State Driver License bearing an issue date of June 27, 2022, an ID number of 218 521 829 and a document identifier of FBV4IYSR13, to be the person whose name is signed on the preceding or attached document, and acknowledged that he signed it voluntarily for its stated purpose.

Name: Miluska Rios
Notary Public
My Commission expires: April 14, 2026

> Miluska Rios
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01RI6301528
> Qualified in Bronx County
> Commission Expires April 14th, 2026