United States District Court
District of Massachusetts

|  |  |
|---|---|
| Pale Horse Realty, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Christine A. Bezio et al., <br><br> Defendants. | Civil Action No. <br> 22-11710-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pale Horse Realty, LLC ("plaintiff" or "Pale Horse"), a limited liability company with its principal place of business in New York, New York, filed this foreclosure action on property located at 135 Marven Way, Wellfleet, MA ("the Wellfleet property"). Defendants Christine A. Bezio and Douglas G. Bezio ("the Bezios" or "defendants") granted a mortgage ("the Bezio Mortgage") on the Wellfleet property in 2007 to secure a loan of $300,000. While National City Bank of Ohio ("NCB") was the original mortgagee, the mortgage contract was ultimately assigned several times until plaintiff became the holder of record in 2022.

-1-

Pending before this Court are cross-motions for summary judgment (Docket Nos. 30 and 39).  The principal dispute between the parties is whether Massachusetts or Ohio law governs enforcement of the Bezio mortgage and, consequently, which statute of limitations applies.

## I. Background

### A. Facts

In July, 2007, defendants mortgaged their Wellfleet property to secure a loan of $300,000.  NCB, whose principal place of business was in Ohio, was the original mortgagee.  The mortgage was negotiated and drafted in Ohio, and the defendants made initial mortgage payments to a Cleveland, Ohio address.

Two documents governed the agreement between the defendants and NCB: the Bezio Mortgage and an equity reserve agreement that the parties refer to as the "Bezio Note."  The Bezio Note contains the following applicable provision:

> You understand that Bank is a national bank in Ohio, and that Bank's decision to extend the line to you was made in Ohio. Therefore, this Agreement and your use of the Line . . . shall be governed by and construed in accordance with (a) federal laws and regulation ... (b) <u>the laws of Ohio</u>, to the extent Ohio laws are not preempted by federal laws or regulations, and <u>without regard to conflict of law principles</u>[.]

(Emphases added.)  The Bezio Mortgage, in turn, states:

> The Security Instrument is governed <u>by the laws as agreed to in the Secured Debt</u>, except to the extent

-2-

>     required by the laws of the jurisdiction where the
>     property is located, and applicable federal laws and
>     regulations[.]

(Emphasis added.)  Neither party disputes that the "Secured Debt" referenced in the Bezio Mortgage is the Bezio Note.

It is also undisputed that defendants failed to make their mortgage payment in July, 2012 and have not made any subsequent payments.

Although the parties contest how the Bezio Mortgage and Note changed hands between 2007 and 2022, it is undisputed that before June, 2022, Pale Horse became the holder of the Bezio Mortgage and the holder and owner of the Bezio Note.

**B. Procedural History**

In June, 2022, Pale Horse sent the Bezios a 90-day notice to cure their mortgage default and notice of right to request a modified mortgage loan.  The defendants failed to cure within the time allowed.

Plaintiff filed the complaint in this action in October, 2022, alleging that defendants were in default under the terms of the Bezio Mortgage by failing to make payments after June, 2012.  The complaint contains six counts, including a request for conditional judgment, the right to foreclose by exercise of the statutory power of sale and possession.

In March, 2023, defendants filed a motion for summary judgment, contending that, because Ohio law governs both the Bezio Note and the Mortgage, foreclosure by plaintiff is time-barred. They assert that under Ohio law the statute of limitations expired on foreclosure pursuant to the Bezio Note six years after the initial default and on claims arising out of the Bezio Mortgage eight years after the initial default.

In April, 2023, Pale Horse filed a cross-motion for summary judgment. It argues that, under Massachusetts choice-of-law principles, the Court should apply Massachusetts law rather than Ohio law because Ohio has no interest in this matter. It notes that the property is located in Massachusetts and that the only party to the Bezio Mortgage with ties to Ohio, NCB, assigned its interest to Pale Horse.

II. **Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is warranted if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

When presented with cross-motions for summary judgment, the court "must consider each motion separately," applying the same standard to each motion. Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997).

### III. **Application**

#### A. Choice of Law

The critical issue raised in the cross-motions for summary judgment is which state laws govern the Bezio Mortgage. If Ohio law governs, plaintiff's foreclosure claims may be time-barred but if Massachusetts law governs, perhaps not.

A federal court sitting in diversity applies the choice-of-law principles of the forum state to determine what state substantive law to apply. Levin v. Dalva Bros. Inc., 459 F.3d 68, 73 (1st Cir. 2006). The principles of Massachusetts law accordingly apply. Massachusetts applies a functional approach that considers "the interests of the parties, the States involved, and the interstate system as a whole." Bushkin Assocs., Inc. v. Raytheon Co., 393 Mass. 622, 631 (1985).

Massachusetts courts often seek guidance from the Restatement (Second) of Conflict of Laws when analyzing choice-of-law questions. See id. at 632. For instance, when reviewing a contract, the general rule is that

> [t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied .
> . . .

Restatement (Second) Conflict of Laws § 187(1) (1988); see Hodas v. Morin, 442 Mass. 544, 550 (2004).

The Bezio Note provides that it is governed by Ohio law "without regard to conflict of law principles" and the Bezio Mortgage, in turn, is governed by the laws "as agreed to" in the Bezio Note.  The parties to the Bezio Mortgage accordingly chose the laws of Ohio to govern the contract.

There are, however, two exceptions to the general rule that the laws of the state chosen by the parties governs:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state . . . .

Hodas, 442 Mass. at 550 (citing Restatement (Second) of Conflict of Laws § 187(2)) (cleaned up).

Pale Horse maintains that both exceptions to the general rule apply and the Court agrees.  With respect to the first exception, Ohio has no current relationship to the parties or to the underlying transaction.  The only connection to Ohio arose from the original mortgagee, Ohio-based NCB, which no longer possesses any interest in the Bezio Mortgage.  NCB assigned its interest in the mortgage years ago.  The current assignee, Pale Horse, is organized under Delaware law and has a principal place of business in

New York. The Bezios are Massachusetts residents and the property is in Massachusetts.

The second exception also applies. The Bezio Mortgage provides for a statutory power of sale. Unlike the law of Massachusetts, Ohio law does not provide for foreclosure of a mortgage through power of sale without judicial oversight. See LNV Corp. v. Kempffer, 159 N.E.3d 303, 308 (Ohio Ct. App. 11th Dist. 2020) (comparing Massachusetts and Ohio law on this issue). While the Bezio Mortgage does not define "statutory power of sale", it is

> best understood as [a] reference[] to Mass. Gen. Laws ch. 183, §§ 20 and 21, which define[s] [the] term[] and expressly provide for [its] incorporation by reference in Massachusetts mortgage contracts.

Sovereign Bank Nat'l Ass'n v. Sturgis, 2013 WL 6046012, at *8 (D. Mass. Nov. 13, 2013) (addressing this same issue), abrogated on other grounds, Galvin v. U.S. Bank, N.A., 852 F.3d 146, 168 (1st Cir. 2017). Ohio law does not grant mortgagees this "substantial power" which requires strict adherence to related statutory provisions. See Fed. Nat'l Mortg. Ass'n v. Marroquin, 477 Mass. 82, 86 (2017). The application of Ohio law would, accordingly, result in an outcome contrary to a fundamental foreclosure policy of Massachusetts which, as the situs of the property, has a greater interest in the matter.

Further support for the application of Massachusetts law can be found in Restatement (Second) of Conflict of Laws §§ 228, 229, which states that mortgages and the foreclosure of mortgages are governed by the local law of the situs.  See id. (applying §§ 228 and 229 to determine what foreclosure law to apply).  The property at issue is, again, in Massachusetts.

In summary, despite the conflict-of-laws provision found in the Bezio Note and incorporation of that provision in the Bezio Mortgage, conflict-of-law principles compel the Court to conclude that Massachusetts law governs the Bezio Mortgage.

**B. Application of Massachusetts Law**

The Bezio Mortgage bears a maturity date of July 9, 2037.  Under Massachusetts law, a mortgage becomes obsolete five years after the maturity date.  Mass. Gen. Laws ch. 260, § 33.  The Bezio Mortgage therefore remains enforceable.

Pale Horse properly provided defendants notice of default.  It served the Bezios with a 90-day notice to cure their mortgage default on June 21, 2022 pursuant to Mass. Gen. Laws ch. 244, § 35A.  It is undisputed that defendants failed to cure and that Pale Horse sent defendants a notice of their right to request a mortgage loan modification in June, 2022 pursuant to Mass. Gen. Laws ch. 244, § 35B.  Defendants replied to that notice by email but did not comply with the written assessment requirements of

§ 35B(c) and failed to respond within the time required by the statute. See Linn v. Option One Mortg., 2024 WL 199784, at *6 (D. Mass. Jan. 17, 2024).  The Bezio Mortgage does not include any additional notice requirements other than those required by law.

It is also undisputed that defendants have not made any mortgage payments since 2012 and have accordingly breached the terms of the Bezio Note and Mortgage.  As the holder of both, Pale Horse has the right to foreclose. Citibank, N.A. v. Najda, 2018 WL 1586020, at *2 (D. Mass. Mar. 30, 2018).  It is entitled to a conditional judgment pursuant to Mass. Gen. Laws ch. 244, §§ 3, 11 and to pursue foreclosure on the Wellfleet property by exercise of the statutory power of sale under the mortgage. Such a statutory power of sale does not require judicial approval but Pale Horse must still comply with the requirements of Mass. Gen. Laws ch. 244, §§ 11-17C, 21. See U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 645-46 (2011).

**C. Servicemembers Civil Relief Act**

Pale Horse also seeks a judicial determination that the Bezios are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501 et seq.  The act

> provide[s] for the temporary suspension of judicial
> and administrative proceedings and transactions that

> may adversely affect the civil rights
> of servicemembers during their military service.

HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 194-95 (2013) (quoting 50 U.S.C. App. § 502).  Plaintiff cites search results from the records of the Department of Defense Manpower Data Center to demonstrate that neither defendant is on active duty in the military.  Defendants do not contest those search results in their pleadings.  Pale Horse is therefore entitled to summary judgment on the claim.

## ORDER

For the reasons set forth above, defendants' motion for summary judgment (Docket No. 30) is **DENIED** and plaintiff's cross-motion for summary judgment (Docket No. 39) is **ALLOWED**. Plaintiff shall submit a proposed order of conditional judgment pursuant to Massachusetts law on or before Friday, March 22, 2024.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  March 6, 2024