United States District Court
District of Massachusetts

|  |  |
|---|---|
| Pale Horse Realty, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Christine A. Bezio et al.,<br><br>　　　　Defendants. | Civil Action No.<br>22-11710-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Pending before the Court is the defendants' motion to stay execution of a judgment in this foreclosure action pursuant to Fed. R. Civ. P. 62(f). In March, 2024, this Court denied defendants' motion for summary judgment and allowed the cross-motion for summary judgment of plaintiff, Pale Horse Realty, Inc. ("Pale Horse" or "plaintiff"). This Court subsequently entered judgment against defendants on all counts and authorized Pale Horse to foreclose on the contested property, located at 135 Marven Way, Wellfleet, Massachusetts ("the Wellfleet property").

Fed. R. Civ. P. 62(f) provides,

> If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the

> judgment debtor is entitled to the same stay of execution the state court would give.

Rule 62(d) of the Massachusetts Rules of Civil Procedure states that

> Except as otherwise provided in these rules, the taking of an appeal from a judgment shall stay the execution upon the judgment during pendency of the appeal.

Thus, if the judgment previously awarded by this Court (Docket No. 56) falls within the definition of a "lien" under Massachusetts state law, defendants are entitled to a stay during the pendency of their appeal to the First Circuit Court of Appeals.

Massachusetts law defines a lien as "a right to hold goods, the property of another, in security for some debt, duty or other obligation." City of Boston v. Rockland Trust Co., 391 Mass. 48, 55 (1984) (quoting Arnold v. Delano, 4 Cush. 33, 38 (1849)).

Massachusetts courts apply the common-law "title theory" to mortgages, meaning that the granting of a mortgage on property transfers legal title of the property from the mortgagor to the mortgagee. In re Cancel, 7 F.4th 23, 29 (1st Cir. 2021) (citing Bank of Am., N.A. v. Casey, 474 Mass. 556, 52 N.E.3d 1030, 1035 n.10 (2016)).

Thus, upon execution of the mortgage agreement, Pale Horse, as mortgagee, acquired legal title to the Wellfleet property. Legal title remains with Pale Horse until such time as the defendants satisfy their debt in full. See Faneuil Investors Grp., Ltd. Partnership v. Selectmen of Dennis, 458 Mass. 1, 6 (2010). The undisputed facts presented at summary judgment prove that defendants did not satisfy their debt.

This Court's prior judgment does not grant Pale Horse a "right to hold" real property of which it already has legal title. Rather, it authorizes Pale Horse to foreclose and gives Pale Horse the right to possession upon completion of the foreclosure sale.

As such, the judgment against defendants does not constitute a lien under Massachusetts law and therefor they are not entitled to a stay of execution under Fed. R. Civ. P. 62(f).

### ORDER

For the reasons set forth above, defendants' motion for a stay of execution on the judgment (Docket No. 61) is **DENIED**. **So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated:  March 24, 2025